# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IOWA ASSOCIATION OF BUSINESS AND INDUSTRY, IOWA BANKERS BENEFIT PLAN, IOWA LABORERS DISTRICT COUNCIL HEALTH AND WELFARE FUND, DES MOINES ORTHOPAEDIC SURGEONS PC, and IOWA SPRING MANUFACTURING & SALES COMPANY, <br><br> *Plaintiffs*, <br><br> v. <br><br> DOUG OMMEN, in his official capacity as Insurance Commissioner of Iowa, <br><br> *Defendant*. | No. 4:25-cv-00211-RGE-WPK |

## DECLARATION OF MICHAEL S. BROOKS IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

1. I am a licensed physician specializing in Rheumatology / Internal Medicine, and I serve as vice president with the Rheumatology Association of Iowa (RAI).

2. I have practiced medicine in Iowa for 40 years and have regularly cared for patients living with chronic and complex conditions such as rheumatoid arthritis and other autoimmune diseases.

3. I make this declaration on behalf of RAI in support of Defendant Doug Ommen's opposition to Plaintiffs' Motion for a Preliminary Injunction.

4. Senate File 383, which was passed in a bipartisan manner, introduces broad reforms targeting the operations of pharmacy benefit managers (PBMs).

5. PBMs contract with pharmacies to establish networks through which patients can access prescription medications (they are not health insurance plans). PBMs also enter into

agreements with third-party payors, such as employer-sponsored drug plans, to provide beneficiaries with access to these medications.

6. A triumvirate of PBMs currently manage benefits for over 80% of Americans. In my professional experience, these PBMs have abused their dominance to increasingly interfere with my ability to provide timely, affordable care to my patients.

7. I have encountered various PBM-derived challenges including, but not limited to:

    a. My Patients being forced to obtain their specialty medications through mail-order pharmacies controlled by PBMs;

    b. Delays in my patients' access to drugs they need due to restrictive PBM networks that exclude trusted local specialty pharmacies or health system-affiliated pharmacies;

    c. PBMs redefining "specialty" drugs in ways that leave me with no choice but to send my patient to PBM-owned dispensing channels; and

    d. Administrative barriers and inconsistent reimbursement practices that make it harder for me to coordinate care effectively for my patients.

8. Senate File 383 would fix these problems. If enforced, it will protect patient access by limiting PBM steering practices and ensuring greater transparency around specialty pharmacy designations. Further, it will empower patients to receive their medications through pharmacies of their choice and healthcare providers they trust, improving continuity of care that is disrupted when PBMs coerce patients into channels with PBM-affiliated entities. By increasing oversight of such PBM conduct, the law will reduce unnecessary barriers that compromise my patient's treatment plans and give me more flexibility to treat them.

9. If Senate File 383 is enjoined, my patients with chronic, complex diseases will continue to face delayed or disrupted access to their medications. And I, along with other physicians, will remain subject to opaque PBM processes that interfere with our medical judgment and compromise our patients' outcomes.

10. Iowa patients, particularly those in rural or underserved areas, will be disproportionately impacted by restricted pharmacy access and forced mail-order practices.

11. Senate File 383 provides necessary patient protections, promotes healthcare access, and limits harmful PBM interference in medical care.

12. The statements above are true and based on my professional knowledge and experience.

13. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of July, 2025, in Cedar Rapids, Iowa.

*Michael S Brooks MD*

Michael S. Brooks, M.D., Vice President, RAI