# Exhibit 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

IOWA ASSOCIATION OF BUSINESS AND INDUSTRY, IOWA BANKERS BENEFIT PLAN, IOWA LABORERS DISTRICT COUNCIL HEALTH AND WELFARE FUND, DES MOINES ORTHOPAEDIC SURGEONS PC, and IOWA SPRING MANUFACTURING & SALES COMPANY,

*Plaintiffs*,

v.

DOUG OMMEN, in his official capacity as Insurance Commissioner of Iowa,

*Defendant*.

No. 4:25-cv-00211-RGE-WPK

## DECLARATION OF BRIAN WEGMANN IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

1. I am the CEO of NuCara Management Group, a regional health care company headquartered in Conrad, Iowa.

2. NuCara has been proudly serving the needs of Iowans for more than 50 years by providing pharmacy, home medical equipment, compounding, infusion, respiratory therapy, and long-term care pharmacy services.

3. I have direct, first-hand knowledge of how PBM practices affect pharmacies, patients, and healthcare access in Iowa.

4. In my professional experience, PBM reimbursement practices and restrictive pharmacy networks have negatively impacted my business and patient care.

5. Therefore, I submit this declaration on behalf of NuCara in support of Defendant Doug Ommen's opposition to Plaintiffs' Motion for a Preliminary Injunction.

6. In recent years, I have experienced:

   a. Reimbursement rates below NuCara's actual cost to dispense medications.

   b. PBM professional dispensing fees that are a fraction of costs and do not even cover the supplies necessary to package prescription drugs.

   c. PBMs abusive practices to benefit PBM-affiliated mail order pharmacies, which disrupt patient relationships with their pharmacists by requiring patients to switch to mail order pharmacies.

   d. PBMs charging payers an inflated rate above what they reimburse pharmacy providers, which is known as spread pricing.

   e. An accompanying lack of disclosure around spread pricing practices.

   f. PBM mandates that "specialty drugs" may only be filled by PBM- affiliated pharmacies. These are often inappropriately designated, but profitable, drugs that do not require any unique storage or monitoring.

   g. A challenging environment for pharmacies to maintain financial viability due to these PBM-imposed restrictions.

   h. Pharmacy closures across our company, many of which resulted in a pharmacy desert. These closures have occurred in Monona, State Center, Ottumwa, Fairfield, and Brooklyn.

7. Consequently, I have personally seen patients struggle to access their medications due to PBM-imposed restrictions, resulting pharmacy losers, and mail-order delays. Senate File 383 would help level the playing field by requiring fair reimbursement based on the acquisition-based NADAC plus a professional dispensing fee that the State of Iowa's own survey shows is close to the cost to dispense prescriptions in Iowa.

8. The law provides essential protections to independent pharmacies like NuCara's, ensuring patients can continue to access care in their communities. Without these protections, I believe more pharmacies will be forced to close, particularly in rural areas, further harming patient access to essential medications. In sum, I believe Senate File 383 is necessary to protect Iowa patients, pharmacies, and communities.

9. The statements above are true and based on my personal knowledge and experience.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 1st day of July 2025, in Conrad, Iowa.

Signature: _____

Printed Name: Brian Wegmann, CEO